602 So.2d 1119 (1992)
Julia Gayle GATES, Individually and as the Executrix for the Estate of Durward Royce Gates, Sr. and as the Tutrix for the Minor Child, Rebecca Ellen Gates, and as the Curatrix for the Interdict Florence Irene Gates, D. Royce Gates, Jr. and Milton R. Gates
v.
JAMES RIVER CORPORATION OF NEVADA a/k/a James Rivers Corporation of Virginia, Crown Zellerbach Corporation, Aetna Casualty and Surety Company, Beloit Corporation and William Ellis Smith.
No. 91 CA 1099.
Court of Appeal of Louisiana, First Circuit.
June 29, 1992.
Rehearing Denied August 10, 1992.
Michael Palmintier, Baton Rouge, for plaintiff-appellee Julia Gayle Gates, etc.
James E. Moore, Baton Rouge, for third party defendants-appellees Pala Interstate a/k/a Interstate Industrial Contracting, Inc., Fireman's Fund Ins. Co.
Arthur Andrews, Baton Rouge, for defendants-appellants James River Corp. of Nevada, Inc. William E. Smith, Aetna Cas. and Sur. Co.
Before WATKINS, CARTER and FOIL, JJ.
*1120 WATKINS, Judge.
This appeal reaches us after the trial court rendered summary judgment in favor of an insurer that denied coverage. We reverse.

BACKGROUND FACTS
Prior to the hearing on the motion for summary judgment, Fireman's Fund Insurance Company (appellee) and James River Corporation (appellant) filed a statement of undisputed facts into the record. James River Corporation (James River) is the successor to Crown Zellerbach, which owned a plant at St. Francisville, Louisiana.
The Crown Zellerbach plant housed four large paper machines used in the manufacture of paper. Crown Zellerbach contracted with Interstate-Industrial Contracting, Inc. to "re-build" a portion of the No. 2 paper machine, which included the installation of equipment manufactured by Beloit Corporation. The re-build job was completed and accepted by Crown Zellerbach in December 1986.
During the re-build of the No. 2 paper machine in 1986 and until the beginning of 1987, Interstate-Industrial Corporation performed many other jobs for Crown Zellerbach at the mill. Each job was specific bid work done on a job-by-job basis with a purchase order or contract for each. After January 1, 1987, Pala-Interstate, a sister company to Interstate-Industrial Contracting, was substituted and continued the same relationship with Crown Zellerbach.
During 1987 production problems arose in the No. 2 paper machine. Crown Zellerbach called upon Beloit Corporation for various warranty repairs to the machine, and Beloit Corporation agreed to perform them. Beloit was required to install various redesign parts, some of which had been previously manufactured by Beloit and some of which were fabricated on the jobsite.
Beloit Corporation contracted with Pala-Interstate to perform a portion of the warranty work, specifically the replacement of one part of the head box. The work was pursuant to Contract/Order No. 46029. All work by Pala-Interstate was paid solely by Beloit. Although Beloit Corporation paid for this portion of the work and selected Pala-Interstate as its contractor, Crown Zellerbach retained the right to reject the selection of the contractor if not acceptable.
Crown Zellerbach's engineering staff worked with Beloit Corporation to make some redesign changes. It was a major construction project, and a Crown Zellerbach construction manager, who had overall responsibility to Crown Zellerbach for the reconstruction of the machine, had been assigned to the project. The construction manager was assisted by a Crown Zellerbach mechanical superintendent and an electrical/instrumentation superintendent. Each superintendent supervised various foremen, who in turn supervised various workmen. Additionally, Crown Zellerbach had engaged other contractors, including MMR, an electrical contractor.
During the warranty repair work performed in May of 1987, William Smith was employed by Crown Zellerbach, and Durward Royce Gates, Sr.[1] was employed by Pala-Interstate Corporation. Mr. Gates was in the course and scope of his employment at the time of his fatal accident.
At the time of the repair work, the other three paper machines were operable. However, the plant was in "turn around" to allow for the repair project. At the time of the accident sued upon there was a partial shut-down of power at the mill, and Pala-Interstate needed an electrical source for the use of its welding equipment. Durward Gates requested electrical power from the Crown Zellerbach's superintendent of electrical/instrumentation. William Smith was instructed by his foreman to provide an electrical source for the welding machine. Mr. Smith, an electrician and employee of Crown Zellerbach Corporation, added an extension to the welding machine cord in order to reach a receptacle with *1121 power. Mr. Gates, upon touching the welding machine, received a fatal shock.
The widow and heirs of Mr. Gates filed a suit for wrongful death against James River Corporation of Nevada, Crown Zellerbach Corporation, Aetna Casualty and Surety Company, Beloit Corporation and William Ellis Smith. In response Crown Zellerbach Corporation (now James River Corporation of Nevada, Inc.) filed a third party demand against Fireman's Fund Insurance Company, and others, alleging that the said insurance company had an obligation to defend and indemnify it under a contract of insurance wherein Crown Zellerbach was named as an additional insured. Fireman's Fund filed a cross motion for summary judgment alleging Crown Zellerbach was not covered.
On May 4, 1987, when Mr. Gates had his fatal accident, Fireman's Fund Insurance Company (Fireman's Fund) had in force a policy of public liability insurance, No. MXC80022886, written to Interstate-Industrial Contracting, Inc., and a policy of public liability insurance, No. MXC80042365, written to Pala-Interstate, Inc., which policies listed Crown Zellerbach as an additional insured pursuant to endorsements. Both policies contained identical language concerning coverage of Crown Zellerbach. The policies named Crown Zellerbach as an additional insured "only with respect to liability arising out of your (the named insured's) work for that insured (Crown Zellerbach)...."
Appellant points out that there are no written reasons for the trial court's decision to grant summary judgment in favor of the insurer. Appellant asserts that, although Beloit contracted to pay Pala-Interstate for the repair work, a fact which may have impressed the trial judge, the work was actually being done for Crown Zellerbach. We agree.
Pala-Interstate was working on Crown Zellerbach's paper machine on Crown Zellerbach's premises. The benefit of the work flowed ultimately to Crown Zellerbach. Although Beloit may have received a benefit too, the rebuild job was being done for Crown Zellerbach. It matters not whether Pala-Interstate and Beloit were servants of Crown Zellerbach or independent contractors; both servants and independent contractors engage in the performance of an employment for the benefit of the employer. Comment, 21 Tul.L.Rev. 619 (1947).
To read the policy language, "your work for that insured," so as to exclude Pala-Interstate's work in the instant case is to restrict unduly the coverage intended by the parties to the insurance contract. As noted in the brief of Fireman's Fund, Crown Zellerbach obtained the standard, additional-insured endorsement in order that it not only would have proof of insurance from contractors on its premises performing work for Crown Zellerbach, but also in order to attain an additional layer of insurance to its own coverage in the event of its liability arising from the fault of the contractor.
We are not impressed by appellee's argument that finding coverage under the Fireman's Fund policy will result in the conclusion that every employee of every contractor of Beloit was a statutory employee of Crown Zellerbach. The issue of statutory employment, circumscribed as it is with a plethora of tests, is not before us in this appeal, and we do not address statutory employment herein, by dicta or otherwise.
Accordingly, we reverse the summary judgment in favor of Fireman's Fund. Pursuant to the motion for summary judgment filed by James River Corporation and denied by the trial court, we grant judgment in favor of James River Corporation declaring that Crown Zellerbach was an additional insured under the Fireman's Fund policy issued to Pala-Interstate, and as its insurer, Fireman's Fund owes Crown Zellerbach and/or its successor a defense in the main demand. Appellee, Fireman's Fund is cast for all costs of this appeal.
REVERSED AND RENDERED.
NOTES
[1] We note that in several instances the decedent is referred to as "Durwood Royce Gates, Sr." We have elected to use Durward Royce Gates, Sr., as set forth in the original petition.